IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROLANDA LLOYD | ) | CASE NO. |
| 585 Brookline Court | ) | |
| Northfield, Ohio 44067 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| GREATER CLEVELAND REGIONAL | ) | |
| TRANSIT AUTHORITY | ) | **(Jury Demand Endorsed Hereon)** |
| 1240 W. 6th Street | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| JACK BARNETT, JR. | ) | |
| Address Unknown, Please Serve at: | ) | |
| 1240 W. 6th Street | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Rolanda Lloyd ("Lloyd"), by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

## PARTIES

1. Lloyd is a resident of the village of Northfield, Summit County, State of Ohio.

2. Greater Cleveland Regional Transit Authority is a political subdivision of the state created by Chapter 306 of the Ohio Revised Code.

3. Greater Cleveland Regional Transit Authority has its headquarters located at 1240 W. 6th Street, Cleveland, Ohio 44113.

4. Defendant Greater Cleveland Transit Authority is hereinafter referred to as "GCRTA."

5. Upon information and belief, Defendant Jack Barnett Jr. is a resident of the state of Ohio.

6. Jack Barnett Jr. is hereinafter referred to as "Barnett."

The Employee's Attorney.™



7. Barnett was, and, at all times hereinafter mentioned, a supervisor of Lloyd who acted directly or indirectly in the interest of GCRTA.

8. Barnett was employed in a supervisory capacity over Lloyd.

9. Barnett was, and at all times hereinafter mentioned, acting in the course and scope of his employment at GCRTA.

10. Barnett was an employer within the meaning of R.C. §4112.01(A)(2).

11. All material events alleged in this Complaint occurred in Cuyahoga County.

## JURISDICTION AND VENUE

12. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Lloyd is alleging federal law claims under the Americans with Disabilities Act of 1990 and Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

13. This Court has supplemental jurisdiction over Lloyd's state law claims pursuant to 28 U.S.C. § 1367 as Lloyd's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. More than 180 days have passed since Lloyd dually filed her formal Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") charge no. 22A-2016-02718.

16. On April 19, 2018, the EEOC issued and mailed a Notice of Right to Sue letter regarding Lloyd's EEOC Charge of Discrimination.

17. Lloyd has received a Right to Sue letter from the EEOC, in accordance with 42 U.S.C. 2000e-5(f)(1), which is attached hereto as Exhibit 1.

18. Lloyd has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

19. Lloyd has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.



## **FACTS**

20. Lloyd is a former employee of GCRTA.

21. GCRTA hired Lloyd in or around September 1994.

22. Lloyd was employed by GCRTA as a train operator.

23. GCRTA terminated Lloyd on or around June 10, 2017.

24. Lloyd has a disability.

25. In the alternative, Defendant GCRTA perceived Lloyd as being disabled.

26. Lloyd is female.

27. Lloyd suffered from post-traumatic stress disorder ("PTSD").

28. Lloyd's condition would require her to have episodic flare-ups.

29. As a result of Lloyd's condition and her episodic flare-up, Lloyd would have to see a doctor up
    to four (4) times a month as needed.

30. GCRTA received Lloyd's FMLA paperwork on or around August 17, 2016.

31. Lloyd's FMLA paperwork, submitted by the doctor, stated that Lloyd would have episodic flare-
    ups.

32. Lloyd's FMLA paperwork, submitted by the doctor, state that Lloyd would have up to four (4)
    monthly appointments.

33. GCRTA approved Lloyd's FMLA paperwork on or around August 17, 2016.

34. GCRTA stated that Lloyd did not meet the Commercial Driver's License ("CDL") medical
    standard.

35. GCRTA stated that Lloyd was eligible for FMLA.

36. Lloyd was approved for intermittent FMLA leave from August 25, 2016 through February 1,
    2017.

37. Lloyd's intermittent leave covered Lloyd's doctor appointments.

The Employee's Attorney.™



38. Lloyd's intermittent leave covered Lloyd's episodic flare-ups.

39. After submitting her FMLA paperwork, Lloyd was pulled off the job several times.

40. On or about August 24, 2016, Lloyd was pulled off the job.

41. On or about August 30, 2016, Lloyd was pulled off the job.

42. As a result of the pull-off dates from August, Lloyd did not return to work.

43. On or about October 4, 2016, Lloyd's doctor states that she had no restrictions and that she should only need to take off "if and when" the condition occurs.

44. The report on Lloyd stated that she was "being seen for fitness exam regarding FMLA for PTSD, and that Rolanda experienced weekly flare-ups lasting one (1) to five (5) days."

45. Lloyd was written up and/or given notice for her train being late.

46. Similarly-situated male employees, Elijah (last name unknown), Robert (last name unknown), and Leroy Fazl were not subject to write-ups or notices when their trains were late.

47. On or around June 4, 2017 Defendant GCRTA terminated Lloyd.

48. Lloyd was terminated because of her disability.

49. Lloyd was terminated for using intermittent FMLA leave.

50. Lloyd was terminated because of her gender.

51. Upon information and belief, similarly-situated non-disabled employees were not terminated.

52. Upon information and belief, similarly-situated employees who did not use intermittent FMLA were not terminated.

53. Upon information and belief, similarly-situated employees outside of Lloyd's protected gender class were not terminated.

54. As a result of Defendants' discriminatory treatment, including terminating her employment, Lloyd suffered severe emotional distress.



## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND AMENDMENTS ACT

55. Lloyd restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

56. Defendant GCRTA is a qualified employer under the ADA.

57. Lloyd is a qualified employee under the ADA.

58. During her employment, Lloyd suffered PTSD and related medical issues.

59. As a result of her condition, Lloyd is disabled.

60. In the alternative, Defendant GCRTA perceived Lloyd as being disabled.

61. Lloyd's condition constituted a mental and/or physical impairment.

62. Lloyd's condition substantially limited one or more of her major life activities including working.

63. Alternatively, Defendant GCRTA perceived Lloyd's condition to substantially limit one or more of her major life activities including working.

64. Defendant GCRTA treated Lloyd differently than other similarly-situated employees based on her actual or perceived disability.

65. Defendant GCRTA discriminated against Lloyd based on her actual or perceived disability.

66. Defendant GCRTA violated 42 U.S.C. § 12101 *et seq.* by discriminating against Lloyd based on her actual or perceived disability.

67. Defendant GCRTA violated 42 U.S.C. § 12101 *et seq.* by terminating Lloyd based on her actual or perceived disability.

68. As a direct and proximate result of Defendant GCRTA's conduct, Lloyd suffered and will continue to suffer damages.



## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *ET SEQ.*

69. Lloyd restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. Defendant GCRTA is a qualified employer under R.C. § 4112.01 *et seq*.

71. Lloyd is a qualified employee under the R.C. § 4112.01 *et seq*.

72. During her employment, Lloyd suffered from PTSD and related medical issues.

73. As a result of her condition, Lloyd is disabled.

74. In the alternative, Defendant GCRTA perceived Lloyd as being disabled.

75. Lloyd's condition constituted a mental and/or physical impairment.

76. Lloyd's condition substantially limited one or more of her major life activities including working.

77. Alternatively, Defendant GCRTA perceived Lloyd's condition to substantially limit one or more of her major life activities including working.

78. Defendant GCRTA treated Lloyd differently than other similarly-situated employees based on her actual or perceived disability.

79. Defendant GCRTA discriminated against Lloyd based on her actual or perceived disability.

80. Defendant GCRTA violated R.C. § 4112.01 *et seq*. by discriminating against Lloyd based on her actual or perceived disability.

81. Lloyd was terminated on or around June 4, 2017.

82. Defendant GCRTA violated R.C. § 4112.01 *et seq*. by terminating Lloyd based on her actual or perceived disability.

83. As a direct and proximate cause of Defendant GCRTA's conduct, Lloyd suffered and will continue to suffer damages.

The Employee's Attorney.™



## COUNT III: RETALIATION IN VIOLATION OF THE FMLA

84. Lloyd restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Lloyd was qualified for FMLA leave.

86. GCRTA is a qualified employer under the FMLA.

87. During her employment, Lloyd utilized intermittent FMLA leave.

88. After Lloyd utilized her qualified FMLA leave, Defendant GCRTA retaliated against her.

89. Defendant GCRTA retaliated against Lloyd for using FMLA leave when they would pull her off of the job on multiple occasions for "assessments."

90. Defendant GCRTA retaliated against Lloyd for using FMLA leave by terminating her employment.

91. Defendant GCRTA willfully retaliated against Lloyd in violation of § 2615(a).

92. As a direct and proximate cause of Defendant GCRTA's wrongful conduct, Lloyd is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT IV: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C.A § 2000e-2

93. Lloyd restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

94. Lloyd is female

95. Throughout her employment, Lloyd was fully competent to perform her essential job duties.

96. Defendants treated Lloyd differently than similarly situated employees on the basis of Lloyd's gender.

97. Lloyd was written up or put on notice for a late train.



98. Similarly-situated male employees were not written up or put on notice when their trains were late.

99. Defendant GCRTA conduct was in violation of 42 U.S.C.A. §2000e-2.

100.  As a direct and proximate cause of the Defendant GCRTA's wrongful conduct, Lloyd has suffered and will continue to suffer damages.

**COUNT IV: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *ET SEQ.***

101.  Lloyd restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

102.  Defendant GCRTA is a qualified employer under R.C. § 4112.01 *et seq*.

103.  Defendant Barnett is a qualified employer under R.C. § 4112.01 *et seq*.

104.  Lloyd is a qualified employee under the R.C. § 4112.01 *et seq*.

105.  Lloyd is female.

106.  Defendants treated Lloyd differently than other similarly-situated employees based on her gender.

107.  Defendants discriminated against Lloyd based on her gender.

108.  Defendants violated R.C. § 4112.01 *et seq*. by discriminating against Lloyd based on her gender.

109.  Lloyd was written up or put on notice for a late train by Defendant Barnett.

110.  Similarly-situated male employees were not written up or put on notice when their trains were late.

111.  Defendants violated R.C. § 4112.01 *et seq*. by terminating Lloyd based on her gender.

112.  As a direct and proximate cause of Defendants' conduct, Lloyd suffered and will continue to suffer damages.

The Employee's Attorney.™



## DEMAND FOR RELIEF

WHEREFORE, Lloyd demands from Defendants the following:

(a) Issue an order requiring Defendants to restore Lloyd to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendants of compensatory and monetary damages to compensate Defendants for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendants in an amount in excess of $25,000;

(d) An award of reasonable attorney's fees and non-taxable costs for Lloyd's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Barry R. Murner*
Barry R. Murner (0069195)
Corinne A. Huntley (0096865)
**THE SPITZ LAW FIRM, LLC**
Water Tower Plaza
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: barry.murner@spitzlawfirm.com
          corinne.huntley@spitzlawfirm.com

*Attorneys for Plaintiff Rolanda Lloyd*

The Employee's Attorney.™



## **JURY DEMAND**

Plaintiff Rolanda Lloyd demands a trial by jury by the maximum number of jurors permitted.

*/s/Barry R. Murner*
Barry R. Murner (0069195)

The Employee's Attorney.™

