IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROLANDA LLOYD,** | **CASE NO. 1:18-CV-01557** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter comes before the Court upon the Motions in Limine of Defendant Greater Cleveland Regional Transit Authority ("GCRTA") and Plaintiff Rolanda Lloyd ("Lloyd"), filed October 11, 2021.  (Doc. Nos. 66-70.)  For the following reasons, GCRTA's First and Second Motions in Limine are GRANTED, Lloyd's First Motion in Limine is DENIED, and Lloyd's Second and Third Motions in Limine are GRANTED.

**I.    Background**

This case stems from an employment dispute between Lloyd, a train operator, and her employer, GCRTA.  On February 1, 2019, Lloyd filed her Second Amended Complaint against GCRTA and Jack Barnett, Jr.  (*See* Doc. No. 20.)  In her Second Amended Complaint, Lloyd set forth claims against GCRTA for disability discrimination in violation of the Americans with Disabilities Act ("ADA") and Ohio law; retaliation in violation of the Family Medical Leave Act ("FMLA"); and gender discrimination in violation of Title VII and Ohio law.  (*Id.* at ¶¶ 62-127.)  Lloyd also set forth a single claim against Barnett for aiding and abetting GCRTA's alleged gender discrimination against Lloyd.  (*Id.* at ¶¶ 128-40.)

On August 27, 2020, the Court ruled on GCRTA's and Barnett's Motion for Summary Judgment, narrowing the issues remaining for trial. (*See* Doc. No. 53.) Lloyd's only remaining cause of action is her claim that GCRTA discriminated against her because of her disability in violation of the ADA and Ohio law. (*Id.* at PageID# 1240.)

On October 11, 2021, GCRTA filed two Motions in Limine. (*See* Doc. Nos. 66, 67.) Also on October 11, 2021, Lloyd filed three Motions in Limine. (*See* Doc. Nos. 68-70.) On October 15, 2021, Lloyd filed a Notice of Non-Opposition to GCRTA's Motions in Limine, indicating that she did not oppose either of GCRTA's Motions. (Doc. No. 72.) On October 18, 2021, GCRTA filed an Opposition to Lloyd's First Motion in Limine, as well as a Notice of Non-Opposition to Lloyd's Second and Third Motions in Limine. (Doc. Nos. 73, 74.)

## II.     Standard

"Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, the practice of ruling on motions in limine 'has developed pursuant to the district court's inherent authority to manage the course of trials.'" *Infocision Mgmt. Corp. v. Found. for Moral Law Inc.*, No. 5:08-cv-1342, 2011 WL 3022002, at *2 (N.D. Ohio July 22, 2011) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). "Motions in limine allow the court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration." *Id.*

"The party moving to exclude evidence has the burden of establishing the inadmissibility of the evidence for any purpose." *Sampson v. Sisters of Mercy of Willard, Ohio*, No. 3:12 cv 824, 2016 WL 614019, at *2 (N.D. Ohio Feb. 16, 2016). Moreover, "[c]ourts should exclude evidence on a motion in limine only when it is clearly inadmissible." *Infocision*, 2011 WL 3022002, at *2.

Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

In ruling on motions in limine, a "trial court is afforded broad discretion." *Sampson*, 2016 WL 614019, at *2. In addition, "[i]n limine rulings are preliminary, and the district court may change its ruling at trial for any reason it deems appropriate." *Infocision*, 2011 WL 3022002, at *2.

### III. Analysis

#### A. GCRTA's First Motion in Limine/Lloyd's Second Motion in Limine

In GCRTA's First Motion and Lloyd's Second Motion, each party seeks to exclude evidence related to Lloyd's dismissed FMLA retaliation, gender discrimination, and aiding and abetting claims, pursuant to Fed. R. Evid. 401, 402, and 403. (Doc. No. 66, PageID# 1276; Doc. No. 69, PageID# 1290.) Neither party opposes the other's Motion. (Doc. Nos. 72, 74.)

Under Fed. R. Evid. 401, "evidence is relevant if"

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

Under Fed. R. Evid. 402, "[i]rrelevant evidence is not admissible."

The Court agrees with both GCRTA and Lloyd that evidence related to Lloyd's dismissed FMLA retaliation, gender discrimination, and aiding and abetting claims is irrelevant and therefore not admissible. Thus, GCRTA's First Motion and Lloyd's Second Motion are both granted.

#### B. GCRTA's Second Motion in Limine

In its Second Motion in Limine, GCRTA seeks to exclude any claim for, or evidence to support, punitive damages against GCRTA. (Doc. No. 67, PageID# 1281.) GCRTA argues that

3

employees are not entitled to recover punitive damages against a political subdivision, such as GCRTA, arising out of an employment relationship. (*Id.* at PageID# 1282.) Moreover, GCRTA argues, even if punitive damages were allowed, such damages are awarded only upon a showing of actual malice, which Lloyd did not allege in her Second Amended Complaint. (*Id.* at PageID# 1282-83.) Lloyd does not oppose GCRTA's Second Motion in Limine. (Doc. No. 72.)

> Ohio Rev. C. § 2744.05 provides:
>
> Notwithstanding any other provisions of the Revised Code or rules of a court to the contrary, in an action against a political subdivision to recover damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function:
>
> (A) Punitive or exemplary damages shall not be awarded.

*See also Speller v. Toledo Pub. Schools Bd. of Edn.*, 38 N.E.3d 509, 520 (Ohio 6th Dist. Ct. App. 2015) (affirming trial court's conclusion that Ohio Rev. C. § 4112, Ohio's civil rights statute, does not expressly authorize an award of punitive damages against a political subdivision). The Court agrees that Lloyd cannot recover punitive damages against GCRTA, a political subdivision, for her disability discrimination claim. Thus, any evidence, argument, and/or testimony related to punitive damages is irrelevant. GCRTA's Second Motion in Limine is granted.

### C. Lloyd's First Motion in Limine

In her First Motion in Limine, Lloyd seeks to exclude from evidence the written Arbitration Decision, issued on September 18, 2018, between Lloyd and GCRTA (the "Arbitration Decision"). (Doc. No. 68, PageID# 1285.) Lloyd asserts that the Arbitration Decision is not relevant because the decision "focused exclusively" on whether GCRTA violated Lloyd's rights under the Collective Bargaining Agreement, and because the issue of disability discrimination was not before the Arbitrator. (*Id.* at PageID# 1286.) Lloyd also asserts that, even if the Arbitration Decision is relevant,

4

it is nevertheless barred by Fed. R. Evid. 403 because the Arbitration Decision will confuse the issues, mislead the jury, and cause Lloyd unfair prejudice. (*Id.* at PageID# 1287.)

GCRTA contends that the Arbitration Decision is relevant and should not be excluded from evidence because the Arbitration Decision addressed some of the same "critical issues in this case," including whether GCRTA had just cause to terminate Lloyd's employment and whether Lloyd was justified in refusing to provide GCRTA with information about her medical condition. (*Id.* at PageID# 1308-09.) GCRTA also asserts that the Arbitration Decision may be introduced to carry its burden of articulating a legitimate, nondiscriminatory reason for its decision to terminate Lloyd's employment under the *McDonnell Douglas* burden shifting framework. (*Id.*) The Court agrees with GCRTA and concludes that the Arbitration Decision should not be excluded from evidence at trial.

In *Becton v. Detroit Terminal of Consol. Freightways*, the Sixth Circuit observed that a court "may consider the arbitration decision as persuasive evidence that the grounds found by the arbitrator to be just cause for discharge under the collective bargaining agreement are sufficient to amount to just cause." 687 F.2d 140, 142 (6th Cir. 1982.) Moreover, "an arbitration decision in favor of the employer is sufficient to carry the employer's burden of articulating 'some legitimate, nondiscriminatory reason for the employee's rejection.'" *Id.* (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973)). *See also Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 549 (6th Cir. 2008).

The Court agrees that GCRTA may introduce the Arbitration Decision as evidence to support its attempt to articulate a legitimate, nondiscriminatory reason for its decision to terminate Lloyd's employment. The Court also agrees that the Arbitration Decision is relevant because it addresses several key issues in this case, including whether GCRTA terminated Lloyd for just cause and

whether Lloyd failed to provide her doctor with the information necessary to avoid her having to sign a medical release in the first place. (Doc. No. 75-1, PageID# 1325-26.) Thus, the Arbitration Decision cuts to the heart of this matter.

Lloyd's arguments in favor of excluding the Arbitration Decision are not persuasive. First, Lloyd's citation to *Mitchell v. Cnty. Of Wayne* is unavailing. In *Mitchell*, the district court concluded that "the arbitrator's decision involves the construction of the CBA, but the CBA has no bearing on Plaintiff's rights under the FMLA." *Mitchell v. Cnty. of Wayne*, No. 05-73698, 2007 WL 850997, at *5 (E.D. Mich. Mar. 16, 2007). Here, unlike in *Mitchell*, the Arbitration Decision addressed key matters at issue in this case, including whether GCRTA terminated Lloyd for just cause and whether Lloyd failed to provide her doctor with necessary information. *See supra*. Further, Lloyd's argument that the Arbitration Decision is irrelevant because it pertained exclusively to Lloyd's rights under the CBA is also not persuasive. (Doc. No. 68, PageID# 1286.) The Arbitration Decision addresses the circumstances surrounding Lloyd's discharge. (Doc. No. 75-1, PageID# 1317-21, 1325-26.) Lloyd alleges that GCRTA discriminated against her, in violation of the ADA, when it terminated her employment on the basis of her disability. (Doc. No. 20, ¶ 74.) Thus, it is difficult to sever Lloyd's discharge and its attendant circumstances (including the Arbitration Decision) from Lloyd's claim of disability discrimination because "the discharge *is* the discrimination." *Becton*, 687 F.2d at 142 (emphasis added).

The Court also disagrees with Lloyd's assertion that the Arbitration Decision will confuse the issues and/or mislead the jury because it involved entirely separate issues from those present in this case. (Doc. No. 68, PageID# 1287.) As discussed above, the Court rejects Lloyd's characterization of the Arbitration Decision as "pertaining exclusively" to separate issues from those present in the

instant case. (Doc. No. 68, PageID# 1285.) To the contrary, the Arbitration Decision implicates many of the same issues involved in Lloyd's disability discrimination claim. *See supra*. The Court also disagrees that the Arbitration Decision would be grossly prejudicial to Lloyd. (*Id.*) GCRTA may present the Arbitration Decision as evidence to support its assertion that it had a legitimate, nondiscriminatory reason for terminating Lloyd's employment. *See Becton*, 687 F.2d at 142. The jury may consider, but is not bound by, the Arbitration Decision in determining whether GCRTA successfully articulated a legitimate, nondiscriminatory reason for Lloyd's discharge. *See Townes v. Oprisch*, No. 5:08-CV-1218, 2009 WL 10723009, at *7 (N.D. Ohio July 31, 2009) (citing *Jurrus v. Frank*, 932 F. Supp. 988, 995 (N.D. Ohio 1995)). Should the jury conclude that GCRTA articulated such a reason, Lloyd will then have the opportunity, under the *McDonnell Douglas* burden-shifting framework, to show that GCRTA's proffered explanation was a pretext for discrimination. *See McDonnell Douglas*, 411 U.S. at 802. Such an outcome is not unduly prejudicial. Accordingly, Lloyd's First Motion in Limine is denied.

### D. Lloyd's Third Motion in Limine

In her Third Motion in Limine, Lloyd seeks to exclude any evidence or mention of Lloyd's prior Ohio Civil Rights Commission ("OCRC") charge against GCRTA because the charge only related to Lloyd's gender discrimination claim and is therefore irrelevant. (Doc. No. 70, PageID# 1295.) GCRTA does not oppose Lloyd's Third Motion. (Doc. No. 74.) For the reasons discussed in Section III.A., *supra*, the Court concludes that evidence related to Lloyd's prior OCRC gender discrimination charge is irrelevant and should be excluded. Accordingly, Lloyd's Third Motion in Limine is granted.

## IV. Conclusion

For the reasons set forth above, GCRTA's First and Second Motions in Limine are GRANTED, Lloyd's First Motion in Limine is DENIED, and Lloyd's Second and Third Motions in Limine are GRANTED.

                                                  *s/Pamela A. Barker*
                                                  PAMELA A. BARKER
Date: October 20, 2021                          U. S. DISTRICT JUDGE